# IN THE COURT OF APPEALS OF IOWA

No. 14-0354
Filed April 22, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**TROY LEE HILTY,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Appanoose County, Daniel P. Wilson, Judge.


　　　　Troy Hilty appeals from judgment and sentence entered upon his plea of guilty to delivery of methamphetamine, in violation of Iowa Code section 124.401(1)(c)(6) (2013). **SENTENCE VACATED AND REMANDED.**


　　　　Robert E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

　　　　Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, and Richard F. Scott, County Attorney, for appellee.


　　　　Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Troy Hilty appeals from judgment and sentence entered upon his plea of guilty to delivery of methamphetamine, in violation of Iowa Code section 124.401(1)(c)(6) (2013). He contends trial counsel was ineffective in failing to object to the State's breach of the plea agreement. We vacate the sentence and remand for a hearing to determine if Hilty complied with or violated the conditions imposed for the favorable plea agreement.

**I. Background Facts and Proceedings.**

We set out the rather unorthodox procedural history of this case. On December 10, 2013, Troy Hilty was in court for trial on a domestic abuse assault charge. The jury was seated. The following then took place in the judge's chambers with a court reporter transcribing the matter. Monte McCoy—Hilty's defense attorney in the domestic abuse assault case, Hilty, the prosecutor, and the judge were all present. Mr. McCoy informed the court that "global negotiation" had occurred involving the domestic abuse charge and a pending delivery of methamphetamine charge. Mr. McCoy explained that a plea agreement had been reached where the State would amend the domestic abuse assault charge to disorderly conduct, Hilty would plead guilty to disorderly conduct, and also plead guilty to the delivery charge, a class "C" felony.

> And concerning that matter [the delivery charge], that he would necessarily be ordered to the Men's Halfway House as a condition of his sentencing. There's a number of things that go into this particular plea offer. It is anticipated that when Mr. Hilty enters his plea on this felony charge, potentially later today, but depending on when we actually speak with Mr. [Kenneth] Duker [Hilty's assigned attorney in the delivery case] about it, it would be next Tuesday, perhaps.

That upon entry of a plea of guilty in that case, that Mr. Hilty would be ordered to supervision by the Department of Corrections, that he would be necessarily ordered to complete treatment at [Iowa Residential Treatment Center] IRTC, with said treatment anticipated to occur after the Christmas holidays.

Upon return from IRTC, it is expected that should a bed be immediately available at the halfway house for him to complete his term of incarceration there, that he would immediately go to a halfway house. Otherwise, should there be a wait, he would necessarily be ordered back to the supervision of the Department of Corrections pending placement in the halfway house.

Any other charges that the State may have available to be filed on Mr. Hilty would be, I wouldn't say dismissed, because they haven't been filed. But the State essentially would be agreeing not to file any further contemplated or potential charges. I don't know how else to say it. Any other potential charges the State may wish to file against Mr. Hilty, the State is agreeing essentially that they will not be filing those on him contemporaneously on this plea.

All of the these conditions are dependent upon Mr. Hilty not having any further violations of either the Department of Corrections rules, the rules of the Court, or any sort of pretrial supervision. Essentially if Mr. Hilty has any problems, doesn't successfully complete IRTC, the State will be available to file any contemplated further charges that they may wish.

The prosecutor added:

Your Honor, that's accurate. This is not a rule [of criminal procedure] 2.10 plea. And Mr. McCoy stated correctly that should Mr. Hilty complete IRTC successfully, follow the rules and conditions of the Department of Corrections, while—If he's granted pretrial release, and has no further law violations, the State will recommend placement in the halfway house. However, the State reserves the right, should Mr. Hilty be subject to any of the violations of the terms and conditions of release, the State is free to argue for any sentence and will also pursue any other charges.

Just to clarify for the Court, the pending Delivery charge arises out of events that occurred during July of this year. The State would agree that should again he follow the terms and conditions and successfully complete everything, the State would not pursue any charges, any further charges stemming from July of this year.

The district court stated it was "reluctant" to accept the agreement because Mr. McCoy did not represent Hilty on the delivery charge and there had

been no contact with Hilty's assigned attorney. The court also noted Hilty had not waived his right to a speedy trial on the domestic abuse charge and the jurors were waiting.

A recess was taken, after which further record was made in chambers with Hilty, Mr. McCoy, Mr. Duker, and the prosecutor present. Mr. Duker disclosed he had a conflict in representing Hilty with respect to the delivery charge. He was released from further representation of Hilty in the delivery case, and Mr. McCoy was appointed to represent Hilty in that case in addition to the domestic abuse case.

The following exchange then occurred:

> THE COURT: So the plea agreement you two have proposed is Mr. Hilty plead to a Disorderly, Simple, in the domestic case, and plead to a C level Delivery in the meth case—Is that right?
> MR. McCOY: That's correct, Your Honor.
> THE COURT: And there was some comment about placement during or after the plea pending sentencing. Or maybe even after sentencing. And I'm not clear on the specifics of that.
> . . . .
>
> THE COURT: So just for my purposes here, this plea, expected plea to the meth delivery case, is that contingent on me doing some something today with respect to Mr. Hilty's circumstances? I'll put it that way.
> [Prosecutor] MR. SCOTT: It would be the State's, and I'm assuming the Defendant's, recommendation that he be released to the Department of Corrections pending sentencing.
> THE COURT: Is the plea contingent on that?
> MR. McCOY: Well, that is our intended goal is that—I don't think it's necessarily phrased as a, what's known in the courts as a 2.10 plea or one that the Court must accept on it. But it is our agreement between both Mr. Hilty and the State that the State will be recommending these as the potential penalties. Mr. Hilty is certainly aware, and we've discussed it, concerning that the Court would be free to impose any potential sentence that there is on it. But as far as what the recommendation that the State can provide concerning either it be incarceration, probation, prison and all the

sentencing alternatives that are available, we feel that these are appropriate for him.

    This other felony matter is a controlled substance situation, and he's committed to taking the steps to address that situation such as the treatment. And we think that would be appropriate in this matter.

    . . . .

    THE COURT: Is there anything else pending against Mr. Hilty that I should be aware of here?

    MR. SCOTT: There is not, Your Honor. And I have also spoken to the Department of Corrections, Mr. Steve Smith, and he indicated that he would be agreeable to supervising Mr. Hilty pending sentencing in this matter.

    THE COURT: Mr. Hilty, if we go through with this and I let you out of jail today, what are the odds you can follow the—what you need to follow with the Correctional Officer?

    MR. HILTY: A hundred percent. I made it on parole before, Your Honor, where I was in prison. Got out, I made my parole. I've got a mindset that I can do it. It's a hundred percent guarantee that I can do it. I know I can. There's no question in my mind. Maybe in yours. But in mine, there's none.

    THE COURT: All right. We'll proceed on the basis that I'm going to take a plea on the meth delivery. And also, I guess, accept this plea agreement on the domestic.

Thereafter, the court held a plea proceeding during which Mr. McCoy explained

the plea agreement as follows:

    Contemporaneously with the plea that's being submitted here in FECR 6522, there needs to be reference made as well to Appanoose County FECR 006493. Based on the plea of guilty in the present matter, it is anticipated the State will recommend that Mr. Hilty will be ordered to complete treatment at the halfway house upon sentencing. In fact, after the guilty plea is commenced here today, the State is recommending that Mr. Hilty be released from incarceration pending treatment at IRTC. It's anticipated, after which time he completes treatment at IRTC, that he will then be returned to the supervision of the Department of Corrections should a bed not be immediately available at the halfway house. If there is a bed available at the halfway house, he will immediately go there. If not, he will be supervised by the Department of Corrections pending placement at the halfway house.

    In FECR 006493, Mr. Hilty has indicated in the previous record made this morning that he will be entering a plea of guilty to the disorderly conduct charge that has yet to be added as a count to the Trial Information, within two weeks of today's date.

Sentencing in said matter will be basically held out to commence at the same time as the sentencing in FECR 6522.

In conjunction with Mr. Hilty's plea of guilty in 6522, the State is hereby agreeing that they will not pursue any further charges that may be available to them concerning events, deliveries, or any other controlled substance issues relating to events surrounding July of 13, 2013, or in close proximity to it. It is further anticipated that upon Defendant's release from incarceration today, pending placement at IRTC, that said treatment at IRTC will not be recommended by the Department of Corrections or commenced until after Christmas of this year. I believe all fines were to be suspended in both matters.

And the overriding concern regarding not only these but any other potential cases that Mr. Hilty may have out there, as previously noted, the State has in effect agreed not to pursue these cases. But this is contingent upon Mr. Hilty successfully abiding by the terms and conditions set out by the Department of Corrections while on release pending sentencing.

Furthermore, that he would be successful in his completion of treatment at IRTC. Should the Defendant fail to complete either of those requirements placed upon him, it is understood by the Defendant with the State that the State would be available to pursue any other cases that have been previously referenced.

The court accepted Hilty's plea of guilty to delivery of methamphetamine, and Hilty was released pending sentencing, which was scheduled for February 24, 2014.

On January 27, 2014, the district court entered an order for alternative substance abuse treatment after being informed IRTC was unwilling to accept Hilty in the program.

On February 3, a "pre-trial report of violation" was filed in the district court, which asserted Hilty, on January 13, failed to submit to urinalysis or breathalyzer testing, and, on January 30, was operating a vehicle during curfew hours with a passenger who had a warrant out for his arrest for parole violation. The court entered an order revoking Hilty's presentencing release.

On February 24, a sentencing hearing was held at which the prosecutor recommended that Hilty be sentenced to prison. The prosecutor explained:

> Your Honor, the State's recommendation is that Mr. Hilty be given a prison term not to exceed ten years, that said sentence not be suspended. That he receive a thousand dollar fine. The State has no objection to the Court suspending that. I would leave it to the Court's discretion. I would also note that it was agreed upon that should Mr. Hilty receive a prison sentence, the State would agree to reduce that by a third of a third. Because he did take responsibility for his actions in 6522 and 6493 both.
>
> The State's recommendation was conditioned upon Mr. Hilty following the terms and conditions of pretrial release, or well, post-plea release. Some of those requirements included providing urine samples. Mr. Hilty was at one point unable to do so. Mr. Smith ran back to his office to get the file. He will be available shortly to testify as to any other violations as well as the issuing, receiving a drug test. But part of the agreement again was that Mr. Hilty follow all the terms and conditions. It's the State's belief he has not done so.
>
> At the plea proceedings in 6522, it was understood that Mr. Hilty was aware that he would have to follow all conditions. I believe he stated on the record on more than one occasion that he knew he could comply. He knew that he had to comply with all the terms and conditions, and indicated he was able to do so. It's the State's belief this has not been the case. He has not complied as required. Given that it's his failure to comply, that would leave the State to recommend the ten year prison sentence, and that mittimus issue immediately.

The defense argued:

> Your Honor, the Defendant would request the Court follow the terms as set forth in the original plea proceedings. I think upon review of the PSI as well as the Pretrial Report of Violation that was filed here in this matter, it is clear that Mr. Hilty has had a history. But yet, he is an employable individual. He's educated. This was a—I think the background of this indicates a delivery. This wasn't a manufacturing charge on it. Since the plea was entered back in December, Mr. Hilty has attempted to follow exactly what was agreed to as far as attending IRTC and getting the treatment that he needed. And in the end, eventually IRTC indicated that they would not receive Mr. Hilty for treatment.
>
> We were trying to make subsequent arrangements for him to engage the same through MECCA and to participate in the 28 day program over there. And as the case wound up, the violation was

filed, he was brought in, and it wouldn't have been sufficient time in order for him to complete treatment through MECCA rather than the IRTC program and be sentenced here today.

Mr. McCoy noted Hilty had paid a large part of his outstanding fines, was employable, had successfully completed parole on another occasion, and had a child he wished "to take care of." He requested the court order substance abuse treatment and halfway house placement.

The district court asked about the reported violations of release and whether "there had been any admissions to any of those." Mr. McCoy responded, "None so far, Your Honor, as we sit here today." The court imposed a sentence of incarceration, stating:

> There are several reasons for this sentence, Mr. Hilty. I have considered the nature of the offense. I have considered all of the other information in the Presentence Investigation Report, which includes your prior criminal record. I have considered the background that was shown by the PSI and by the other record in this case, your age, employment, education, family and other background and other circumstances.
> There has been no admission of the events that led to the revocation of your pretrial release. I think it's inappropriate, therefore, for me to consider those events where you have not been convicted of anything. You have not made any admissions.

Hilty now appeals.

## II. Scope of Review.

We review claims of ineffective assistance of counsel de novo. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

## III. Discussion.

"A successful ineffective-assistance-of-counsel claim requires proof by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted." *Id.* at 214-15. If the prosecutor breached the

plea agreement, defense counsel failed in an essential duty in failing to object. See *id.* at 217. Prejudice is presumed. *Id.* at 217-18.

Hilty contends the State breached its plea agreement and his trial counsel was ineffective in not challenging its sentencing recommendation. *See id.* at 216 ("The State clearly breached the plea agreement by suggesting more severe punishment than it was obligated to recommend."). Even assuming the State's recommendation of probation was contingent upon Hilty not violating the terms of his presentencing release,[1] the district court did not make a finding whether Hilty complied with or violated the conditions. Without such a finding, there is no way to determine whether the State breached the plea agreement in recommending incarceration, which is the basis for Hilty's ineffectiveness claim. *See State v. Horness,* 600 N.W.2d 294, 296 (Iowa 1999) (determining that when the State assumes an obligation to make a certain sentencing recommendation as part of a plea agreement, "mere technical compliance is inadequate; the State must comply with the spirit of the agreement as well").

We vacate the sentence imposed and remand for a hearing to determine if the State's recommendation was conditional and if so, whether Hilty complied with such conditions, and any further proceedings required.

**SENTENCE VACATED AND REMANDED.**

---

[1] On appeal he argues, however, that "the requirement that Hilty have no violations of the conditions of his release in turn for the State's recommendation of probation was not part of the plea agreement as stated in the official proceedings."